MARGARITA ROMERO DE SANTANA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1215. Submitted November 3, 1947.—Decided November 25, 1947.

---

*Harry B. Llenza* for appellant. The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Leonides Laboy, widow of Silva, and her six minor children owned in common a house and lot located in the Barrio Obrero of Santurce, in the proportion of 28 per cent for the mother and 12 per cent for each of the children. On September 20, 1943, the District Court of San Juan issued an order authorizing Mrs. Silva to sell said property to Margarita Romero de Santana for the agreed price of $3,000, and further providing, "that the sale of said house and lot be effected subject to the condition that it be approved by the Commissioner of Labor pursuant to Act No. 53 of July 11, 1921, as amended by Act No. 60, approved April 30, 1928, and subsequent Acts, creating the Homestead Division in the Department of Labor." On September 21, 1943, Mrs. Silva, for herself and as mother with *patria potestas* over her minor children, executed a deed of purchase and sale in favor of Mrs. Santana, petitioner herein. Upon the presentation of the deed for record in the registry, accompanied by a certificate issued by the Law Clerk and Chief of the Homestead Division, attesting to the agreement reached by the Subdivision of Claims and Interpretation of Contracts, authorizing the transfer of the certificate of ownership, the registrar refused to make the record sought, on the following ground:

"With respect to the undivided interests of the minors, because, in connection with them, no public auction was held, as required by the Civil Code and provided by the Law of Special Legal Proceedings."

The petitioning purchaser urges that the registrar erred in applying to the case at bar the legal provisions cited in

his decision; and maintains that, as there is involved a property located in the Barrio Obrero, the registrar should have applied the provisions of Act No. 53 of July 11, 1921, as amended by Act No. 60 of April 30, 1928, which do not require that an auction be held in cases like the present one. She further contends that, if the holding of the auction prescribed by the Civil Code and the Law of Special Legal Proceedings should be required, the essential purpose of the Acts which regulate the Barrio Obrero would be defeated.

The argument of the petitioner does not convince us. It is true that the above-cited Acts of July 11, 1921, and of April 30, 1928, provide that an applicant for the lease of lands in the Barrio Obrero with a right to the ownership thereof, shall be a citizen of the United States and a person of good moral character; that his annual income shall not exceed $1,500; that the value of other properties owned by him shall not exceed $300; and that the applicant shall be bound to give to the Commissioner of the Interior all the information required by the Homestead Commission.[1] It is also true that, pursuant to the provisions of § 16 of the Act of July 11, 1921, "persons leasing lots, lots with houses, or small farms with a right of ownership . . . may, with the approval of the Homestead Commission, assign their leases and ownership to other persons who are qualified under this Act to lease or purchase such lots, lots and houses, and small farms . . ." All the limitations and conditions which we have enumerated, besides being just and reasonable, are absolutely necessary to prevent the properties assigned to workingmen or persons of limited means, from coming into the hands of persons of better means or of speculators, with the final result that Barrio Obrero would cease to be such a workingmen's settlement.

On the other hand, § 159 of the Civil Code, 1930 ed., subdivision 5 of § 614, and the second paragraph of § 616 of

---

[1] See Joint Resolution No. 47 of May 15, 1933; Act No. 250 of 1938; and Act No. 144 of 1943.

the Code of Civil Procedure, 1933 ed., provide, in the interest of minors, (a) that neither the father nor the mother of a minor child shall be empowered to alienate or encumber any real property belonging to the child, without the previous authorization of the district court, and (b) that the sale shall be made at public auction before the marshal of the district court.

██ We fail to see any reason which would prevent or render impossible in a sale of a property owned by minors and located in the Barrio Obrero, a full compliance with the requisites established by the Acts of July 11, 1921, and April 30, 1928, for the protection of the Barrio Obrero, as well as with the provisions of the Civil Code and of the Law of Special Legal Proceedings, necessary for the protection of the interests of the infant owners. There is no conflict between the laws applicable to the Barrio Obrero and the aforesaid provisions of the Civil Code and of the Law of Special Legal Proceedings. All these enactments may be easily harmonized, by simply providing in the order of the district court approving the sale of the real property, that the marshal of the district shall not accept as bidder at the public auction any person who does not qualify under the provisions of § 9 of Act No. 53 of July 11, 1921; and that the marshal shall make no award of the property to the highest bidder, without the previous authorization of the Homestead Commission. Thus the interests of the settlement known as Barrio Obrero and the rights of the minors will be duly protected.

For the reasons stated we are of the opinion that the objections of the registrar are well founded and that his decision should be affirmed.